IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMEBASE PTY LTD., <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>THE THOMSON CORPORATION, <br><br>　　　　　Defendant. | **Civil No. 07-460** <br> **Judge Lindberg** <br> **Magistrate Judge Cole** |

**DEFENDANT THE THOMSON CORPORATION'S REPLY BRIEF IN
SUPPORT OF ITS MOTION TO TRANSFER VENUE TO THE DISTRICT OF
MINNESOTA AND FOR A MORE DEFINITE STATEMENT**

　　Timebase's Opposition fails to identify any connection between the Northern District of Illinois and this litigation that would not similarly apply to nearly any jurisdiction in the United States. In fact, Timebase concedes, or does not dispute, facts establishing that transfer to Minnesota is appropriate. Specifically, Timebase concedes, or does not dispute that:

　　(1) It is a foreign corporation lacking any connection to this forum;

　　(2) The inventors and patent prosecutors are not located in Illinois;

　　(3) Timebase has no witnesses in the United States;

　　(4) The accused products were designed, developed, and tested in Minnesota;

　　(5) The accused products operate out of Minnesota;

　　(6) Business decisions concerning the accused products are made in Minnesota;

　　(7) Key witnesses (as identified by Timebase) are located in Minnesota;

　　(8) Non-party witnesses are located in Minnesota; and

(9) Minnesota is a convenient forum.

Taken together, these concessions confirm, first, that the Northern District of Illinois has no material connection to this action and, second, that Minnesota is the situs of material events and the place where relevant witnesses are located. The bottom line is the only reason this case was filed in the Northern District of Illinois is because this happens to be the district in which Timebase's patent litigation attorneys are located. Forum selection, however, must be made based upon a legitimate nexus between the dispute and the chosen forum, not based upon the location of lawyers. *E.g.*, *Genden v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 621 F. Supp. 780, 782 (N.D. Ill 1985) ("Moreover, the convenience of counsel is not one of the factors to be considered under Section 1404(a)."). Consequently, Thomson respectfully requests that this Court transfer this action to Minnesota.

1. **Minnesota Has A Strong Connection To This Patent Action.**

Timebase fails to address a single case from the long line of authorities holding that patent infringement litigation should proceed "as close as possible to **the milieu of the infringing device** and **the hub of activity centering around its production**." *S.C. Johnson & Son, Inc., v. Gillette Co.*, 571 F. Supp. 1185, 1188 (N.D. Ill. 1983) (emphasis added) (quoting *AMP Inc. v. Burndy of Midwest, Inc.*, 340 F. Supp. 21, 24-25 (N.D. Ill. 1971)).[1] In identifying the center of gravity, appropriate "considerations include the location of a product's development, testing, research, and production," and "where marketing and sales decisions are

---

[1] *See also, e.g., Sorensen v. Daimler Chrysler AG*, No. 02-4752, 2003 WL 1888866 at *3 (N.D. Cal. Apr. 11, 2003) (attached to Thomson's 2/9/07 Brief as Ex. E); *Saint-Gobain Calmar, Inc. v. Nat'l Prods. Corp.*, 230 F. Supp. 2d 655, 660 (E.D. Pa. 2002) ("In patent infringement cases, the 'preferred forum is that which is the center of gravity of the accused activity.'" (citation omitted)); *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 609 (E.D. La. 2000); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999); *Osteotech, Inc. v. GenSci Regeneration Scis.*, 6 F. Supp. 2d 349, 357-58 (D.N.J. 1998).

made, rather than where limited sales activity has occurred." *Osteotech, Inc. v. GenSci Regeneration Scis.*, 6 F. Supp. 2d 349, 357-58 (D.N.J. 1998). On this record, all such considerations unequivocally favor Minnesota as the appropriate forum for this patent case.

2. **Convenience of Witnesses Favors Transfer to Minnesota.**

The convenience of witnesses is an important factor in the § 1404(a) analysis. Timebase unsuccessfully seeks to cast doubt on Thomson's identification of relevant witnesses—all of whom save one are located in Minnesota. On the one hand, Timebase questions the relevancy of only two (2)—out of eighteen (18)—witnesses identified by Thomson and erroneously suggests that Thomson's list is overbroad. Thomson's list identified persons involved in the design, development, testing, and business decisions of the accused products; the two witnesses that Timebase challenges had responsibility for the content of the PastStat Locator product.

At the same time, Timebase complains that Thomson's list failed to include eight persons who participated in past negotiations with Timebase. According to Timebase, these individuals are "the most knowledgeable witnesses," "know about the products," and are "especially pertinent." Whatever relevant information these witnesses may have, the fact that Timebase thinks they are important only strengthens Thomson's motion to transfer to Minnesota: three of the individuals identified by Timebase live in Minnesota; one individual lives in Beldenville, Wisconsin, which is 37 miles from St. Paul, Minnesota; three individuals currently live in Switzerland but maintain Minnesota residences; and the remaining individual was not employed by any Thomson entity during the past negotiations with Timebase. (Second Martens Decl. ¶3a-h.) Thus, **seven of the eight** additional witnesses identified by Timebase either permanently **live in Minnesota, maintain a residence in Minnesota, or live within the subpoena power of a**

**Minnesota federal court**.[2] Accordingly, Timebase concedes again that key witnesses are in Minnesota.

Moreover, as Timebase's CEO points out, the parties **held meetings in Minnesota** to discuss the patent-in-suit and related technology. In fact, Timebase traveled to Minnesota for multiple meetings. The fact that Timebase traveled to Minnesota for such meetings undercuts any argument that Minnesota is inconvenient for Timebase.

The location and convenience of "potential non-party witnesses" has been called the "most important factor in the transfer balance." *Brunswick Bowling v. Quibica USA, Inc.*, No. 05-3603, 2005 WL 2367764 at *3 (N.D. Ill. Sept. 26, 2005) (Lindberg, J.) (attached to Thomson's 2/9/07 Brief as Ex. C). Thomson has shown that at least three non-party witnesses—including a product developer involved with the user interface and usability requirements for the PastStat Locator product—are located in Minnesota. (2/9/07 Martens Decl. ¶16.) Timebase offers no contrary information. Moreover, Timebase fails to identify a single Timebase witness located in the United States, let alone a non-party witness located in the Northern District of Illinois. *See Brunswick Bowling*, 2005 WL 2367764 at *4 (rejecting argument that case must remain in Illinois where plaintiff failed to identify any non-party witness located within the forum). Instead, Timebase quips that trial by deposition testimony—which is greatly disfavored—will suffice, but this Court has recognized that cases should be transferred to "minimize the risk of trial by deposition." *Id.* In sum, the convenience of non-party witnesses weighs strongly in favor of transferring this action to Minnesota.

---

[2] Rule 45(b)(2) permits a court to subpoena a witness that is outside the district but within the 100 mile "bulge" of the courthouse.

3.       **The Judicial Statistics are Equipoise.**

Timebase tries to make the case that the judicial statistics give Illinois an advantage. As this Court has stated, the two most relevant statistics are "(1) the median months from filing to disposition and (2) the median months from filing to trial." *Brunswick Bowling*, 2005 WL 2367764 at *5. The two forums have similar statistics, generally reporting "file to disposition" figures in the 6 to 7 month timeframe and "file to trial" in the range of 23 to 27 months. (2/9/07 Drown Decl. Ex. 1.) Indeed, Minnesota had faster "file to trial" times in 2005, 2004, 2003, and 2001, and the times for both districts were identical in 2006 and 2002. (*Id.*) Timebase, seizing upon aberrational statistics from 2006 related to the Baycol multidistrict litigation, laments that the District of Minnesota has burgeoning "file to disposition" times. This is mistaken. The Administrative Office of the United States Courts has explained that "Minnesota's median time jumped from 7.5 in 2005 to 23.8 in 2006 due to large numbers of terminations of Baycol (anticholesterol drugs) transferred from Pennsylvania, Eastern and other U.S. district courts. These cases began being transferred to Minnesota in 2003." (*Id.* Ex. 2.) Thus, the spike in the "file to disposition" figure in the District of Minnesota is attributable to the Baycol drug MDL and has nothing to do with actual delay in typical civil cases.

4.       **Timebase's Choice of Forum is Entitled to Little Weight.**

At its essence, Timebase's opposition to the transfer of this case to Minnesota rests on little more than the fact that it chose to file suit in Illinois. Timebase is an Australian company that brought suit in this forum even though Illinois has no material connection to this patent infringement action. As such, Timebase's choice of forum is entitled to little weight in the transfer balance. *See, e.g., Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02-5150, 2002 WL 31433408 at *3 (N.D. Ill. Oct. 31, 2002) (attached to Thomson's 2/9/07 Brief as Ex. B)

5

("Generally, a plaintiff's choice of forum is given substantial weight where it is *the plaintiff's home forum*." (emphasis added)); *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473, 480-81 (D.N.J. 1993) (explaining that choice of New Jersey forum for patent infringement suit disregarded where plaintiff Japanese corporation had no offices or facilities in the forum and operative facts of litigation took place outside of the forum).[3]

Timebase resorts to ruses in the hopes of concocting deference for its forum choice.

First, Timebase erroneously suggests that the availability of the PastStat Locator product in Illinois weighs in favor of this forum. The PastStat Locator product, as Timebase concedes, is accessible over the internet and the accused products are sold and available nationwide. (2/9/07 Martens Decl. ¶3, 5.) Timebase fails to mention, however, that when sales are nationwide, the location of product sales becomes a nonfactor in the traditional § 1404(a) analysis. *See, e.g., Cooper Bauck Corp. v. Dolby Labs., Inc.*, No. 05-7063, 2006 WL 1735282 at *5 (N.D. Ill. June 19, 2006) (attached to Thomson's 2/9/07 Brief as Ex. A); *Technical Concepts*, 2002 WL 31433408 at *3 (N.D. Ill. Oct. 31, 2002) (attached to Thomson's 2/9/07 Brief as Ex. B); *Energaire Corp. vs. E.S. Originals, Inc.*, No. 99-3252, 1999 WL 1018039 at *3 (N.D. Ill. Nov. 2, 1999) (attached to Thomson's 2/9/07 Brief as Ex. F); *Boreal Laser, Inc. v. Coherent Inc.*, 22 U.S.P.Q. 2d 1559, 1560 (S.D.N.Y. 1992) ("[S]ales alone are not enough to establish a material connection to the forum if, as is true here, '[d]efendant's goods are sold in many states.'").

---

[3]   Timebase failed to address a single case from the long line of authorities that Thomson set forth relating to transfer motions in patent infringement actions. Instead, Timebase opted to focus on isolated non-patent cases—*Houck* and *Vasquez*—that Thomson cited as support for the well-established proposition that a plaintiff's choice of forum is afforded less deference when the plaintiff has chosen a foreign forum. *See also Ricoh*, 817 F.Supp. at 480 (collecting cases holding that a foreign corporation's choice of forum is given little weight).

Second, Timebase notes that the statutes of Illinois have been incorporated into the PastStat Locator product. It then suggests that this fact has legal significance and that resolution will be aided by a "court intimately familiar with Illinois law." PastStat Locator, as Timebase well knows, is an interface tool that provides access to historical statutes so that a user can see a version in effect at a given time. (2/9/07 Martens Decl. ¶5.) Timebase's patent relates to a method of electronic publishing. As such, its infringement claim concerns the design and operation of the PastStat Locator interface (both of which take place in Minnesota). Whether the PastStat Locator product is used to look up versions of New York, Florida, Pennsylvania, or Illinois statutes is completely irrelevant. Further, this is a patent case governed by federal law; accordingly, familiarity with Illinois state law is irrelevant.

Third, Timebase seeks to create the misimpression that the alleged infringing acts—sales and use of the accused products—are unique to Illinois. In truth, there are no circumstances in this case that are unique to Illinois. The West sales and training activities in Illinois to which Timebase makes reference also occur in virtually every other state and major metropolitan area in the United States because Westlaw and PastStat Locator are sold nationwide. (Second Martens Decl. ¶4.) The persons employed at the facilities in Deerfield and Chicago, unlike the potential witnesses identified by Thomson, do not have detailed knowledge regarding the design, development, implementation, and sales of the PastStat Locator product. Moreover, the central customer training facilities for Westlaw and PastStat Locator are located in Minnesota. (2/9/07 Martens Decl. ¶12.) Thus, the same sales and training information is available to Timebase in Minnesota as in Illinois.

## CONCLUSION

For all of the reasons set forth above and in the original moving papers, and under the longstanding and oft-invoked law of this district, the District of Minnesota is the appropriate forum for this lawsuit, and Thomson respectfully requests that its motion to transfer venue to the District of Minnesota be granted.

Dated: March 5, 2007

**KIRKLAND & ELLIS LLP**

By:

*s/ Barry F. Irwin*
Barry F. Irwin, P.C. #6211213
200 East Randolph Drive
Chicago, Illinois 60601
Telephone: (312) 861-2000
Fax: (312) 861-2200

FAEGRE & BENSON LLP
David J.F. Gross, (*pro hac vice* pending)
Calvin L. Litsey, (*pro hac vice* pending)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 766-7000
Fax: (612) 766-1600

**ATTORNEYS FOR THE THOMSON CORPORATION**

fb.us.1861792.02