UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **TIMEBASE PTY LTD.,** ) | |
|            **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  07  C 460 |
| ) | |
| **THE THOMSON CORPORATION,** ) | Judge George W. Lindberg |
| ) | |
|            **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant The Thomson Corp. ("Thomson")[1] moves this court pursuant to 28 U.S.C. § 1404(a) to transfer jurisdiction of this case to the United States District Court of Minnesota. For the reasons set forth below, the motion is granted.

*I. RELEVANT FACTS*

Plaintiff Timebase Pty Ltd. ("Timebase") is an Australian company, with its principal place of business in Sydney, Australia. Timebase owns, by assignment, United States Patent No. 6,233,592 (the "'592 patent") and has sued Thomson pursuant to 35 U.S.C. § 271 for alleged infringement of that patent. Thomson is a Canadian corporation that sells publishing services and products throughout the United States, including both the Northern District of Illinois and the District of Minnesota. In its complaint, Timebase does not specify which Thomson product(s) allegedly infringes the '592 patent.

In its motion to transfer, Thomson takes the position that this suit involves its PastStat Locator product because that is the product Timebase identified in the parties' pre-suit

---

[1] In a footnote, Thomson states that it is not the proper defendant to this suit and that plaintiff should have named West Publishing Corp. and West Services, Inc. as defendants. This issue is not before the court and was not briefed by the parties.

discussions. The PastStat Locator is a component of Westlaw.com, an online research tool available nationwide. In its response brief to the motion to transfer, Timebase identifies the PastStat Locator, Graphical Statutes and RegulationsPlus products, which are all components of Westlaw.com, as allegedly infringing the '592 patent. However, Timebase does not argue that the inclusion of the Graphical Statutes and Regulations Plus products in the suit alters the facts relevant to the resolution of this motion. Therefore, for purposes of this motion, the court will limit its analysis to the PastStat Locator. This is appropriate because Timebase failed to identify the alleged infringing product(s) in its complaint, Thomson limited the analysis in its motion to transfer to the PastStat Locator, and the relevant facts are the same regardless of whether the suit is limited to the PastStat Locator, or also includes the other two Westlaw.com components.

The research, design and development of the PastStat Locator occurred in Minnesota. Further, the associated research, design and development documentation and the central hardware and software necessary to operate the PastStat Locator are located there. Although PastStat Locator's necessary hardware and software are physically located in Minnesota, the product itself is an online tool that is marketed, sold and used throughout the United States. Thomson's party and non-party witnesses are also in Minnesota. Thomson identified eighteen relevant witnesses, fifteen employees and three former employees, who reside in the Minneapolis/St. Paul metropolitan area. Timebase identified seven additional possible witnesses for Thomson. Six of them live in Minnesota, maintain a residence in Minnesota, or live within the subpoena power of a Minnesota federal court.

Timebase does not have any witnesses who reside in the United States. There is also no evidence that Timebase has relevant documentation, or other evidence located anywhere in the

United States, much less the Northern District of Illinois. Finally, representatives from Timebase traveled to Minnesota, not the Northern District of Illinois, to conduct pre-suit discussions with representatives from Thomson.

## II. LEGAL ANALYSIS

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In other words, a transfer is appropriate if: (1) venue is proper in both the transferor and transferee courts; (2) transfer will serve the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 968 (N. D. Ill. 1999). Whether to transfer a case is within the sound discretion of the transferor court. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). The party requesting transfer bears the burden of demonstrating that the transferee forum is clearly more convenient than the transferor forum. *Id*.

Both parties concede that venue is proper in this court and the District of Minnesota. Therefore, the court proceeds directly to an analysis of the second factor, whether transfer will serve the convenience of the parties and witnesses. This factor weighs strongly in favor of transfer. In accessing the convenience of the parties and witnesses, the Court considers five sub-factors. *See Hanley v. Omarc, Inc.*, 6 F. Supp. 2d 770, 774 (N.D. Ill. 1998). First, the court looks to the plaintiffs' chosen forum, which is normally accorded deference. In this case, the deference is minimal because plaintiff does not reside in the Northern District of Illinois. *Childress v. Ford Motor Co.*, 03 C 3656, 2003 WL 23518380 at *3 (N.D. Ill. Dec. 17, 2003).

The next factor, the situs of the material events, is irrelevant because this is a patent case.

*See Sitrick v. FreeHand Systems, Inc.*, No. 02 C 1568, 2003 WL 1581741, at *3 (N.D. Ill. Mar. 27, 2003). The third factor, the convenience of the witnesses, strongly favors transfer. There is not a single relevant witness located in the Northern District of Illinois. In fact, all of Timebase's witnesses reside outside of the United States. If this case proceeds to trial, regardless of the forum, each of Timebase's witnesses will have to travel internationally. For purposes of convenience, whether the their ultimate destination is Chicago or Minneapolis does not appear material. Alternatively, all but one of the twenty-five relevant Thomson witnesses, as identified by both Timebase and Thomson, live in Minnesota, maintain a residence in Minnesota, or live within the subpoena power of a Minnesota federal court. Further, at least three of those witnesses are non-party witnesses who would be within the subpoena power of a Minnesota federal court, but would not be within the subpoena power of this court. Minnesota is clearly more convenient for Thomson's relevant witnesses and is not any less convenient for Timebase's witnesses than the Northern District of Illinois.

The last two sub-factors, the relative ease of access to sources of proof in both forums and the convenience of the parties in litigating in each respective forum, also weigh in favor of transfer. No sources of proof are located in Illinois and all of Thomson's evidence is in Minnesota. Thomson's relevant research, testing and design documentation is in Minnesota, along with the central hardware and software necessary to operate the PastStat Locator. Further, Thomson's employees and the people most knowledgeable about this case are located in Minnesota. If this case remains in the Northern District of Illinois, Thomson would have to transport its sources of proof outside of Minnesota.

Timebase will have to transport its sources of proof regardless of the forum. All of

Timebase's sources of proof are located outside of the United States, presumably in Australia and Europe, although Timebase did not provide the exact location. Timebase's counsel is located in the Northern District of Illinois, however, the court does not consider the convenience of a party's counsel in a § 1404(a) transfer analysis. *See Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955); *China Industries (USA), Inc. v. New Holland Tire, Inc.*, 2006 WL 2290975 at 2 (N.D. Ill. 2006). There is no evidence that litigation before this court, as opposed to a court in Minnesota, would be more convenient for Timebase. However, there is substantial evidence that it would be more convenient for Thomson to litigate this case in Minnesota.

 Finally, the court must consider whether transfer is in the interest of justice. The interest of justice component of a § 1404(a) analysis concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. In making this determination, the court considers each proposed forum court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of litigating the case in each locale. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 961 (N.D. Ill. 2000). Patent infringement is a question of federal law. This court and the District of Minnesota are equally familiar and capable of deciding questions of federal law, thus this factor is neutral to the § 1404(a) analysis.

 Next, the court considers which proposed district will provide the parties with the fastest progression to trial. The two most relevant statistics are the median months from filing to disposition of a case and the median months from filing to trial. *Amoco*, 90 F.Supp.2d at 962. In 2005, the median months from filing to disposition was 7.5 for the District of Minnesota and 6.9 for the Northern District of Illinois. In 2006, that statistic increased dramatically to 23.8 in the

District of Minnesota and remained relatively stable at 6.5 in this court. That 2006 statistic was an aberration for the District of Minnesota, caused by the termination of a large multi-district litigation. The median months from filing to trial in 2005 was 23 months in the District of Minnesota and 27 in the Northern District of Illinois. That statistic was 26.4 for both districts in 2006. The relevant statistics for both forums are similar, however, they are slightly more favorable in this court, thus minimally weighing against transfer.

The last interest of justice related factor, the desirability of litigating the case in each proposed forum, favors transfer. This case has absolutely no relevant connection to this district. Not a single party, witness, or source of proof is located in the Northern District of Illinois. Further, the PastStat Locator is an online tool that is marketed, sold and used throughout the country. The fact that it is marketed, sold and used in this district does not weigh against transfer because that fact is true of every other federal district in the United States. Alternatively, this case has considerable relevance to the District of Minnesota. Not only is the PastStat Locator marketed, sold and used there, but Thomson's employees, relevant witnesses and sources of proof are located in Minnesota. Additionally, the PastStat Locator was created in Minnesota and the central hardware and software necessary for its operation are there.

### III. CONCLUSION

On these facts, the court finds that transfer to Minnesota pursuant to § 1404(a) is appropriate. The lack of any relevant connection between this district and this litigation and the presence of a strong connection to the District of Minnesota strongly outweighs the minimal deference accorded Timebase's choice of forum and the fact that this court may provide for a slightly faster disposition of the case.

ORDERED: Defendant's motion to transfer venue to the District of Minnesota [10] is granted.

ENTER:

_George W. Lindberg_
SENIOR U.S. DISTRICT JUDGE

DATED: March 9, 2007